# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50854
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2016

Lyle W. Cayce
Clerk

RICHARD J. KREWAY,

      Plaintiff - Appellant

v.

COUNTRYWIDE BANK, FSB; COUNTRYWIDE HOME LOANS,
INCORPORATED; BANK OF AMERICA, N.A.; THE BANK OF NEW YORK
MELLON, as Trustee for the CHL Mortgage Pass-Through Trust Series
2007-21; CWMBS, INCORPORATED; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INCORPORATED, also known as MERS,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CV-332

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

    Richard Kreway appeals the district court's dismissal under Federal
Rules of Civil Procedure Rule 12(b)(6) of his civil suit against Countrywide
Bank, FSB; Countrywide Home Loans, Inc.; The Bank of New York Mellon as

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-50854

Trustee for the CHL Mortgage Pass-through Trust Series 2007-21; CWMBS, Inc.; Bank of America, N.A.; and Mortgage Electronic Registration Systems, Inc. (MERS), which asserted the following causes of action: (1) violation of the Texas Property Code; (2) lack of standing to foreclose; (3) a suit to quiet title; (4) a request for declaratory judgment; (5) breach of contract; (6) promissory estoppel; (7) violation of the Texas Debt Collection Act; and (8) common law recession. Kreway argues that dismissal under Rule 12(b)(6) was inappropriate because he "pled sufficient facts to demonstrate that it was facially plausible that the assignments relied upon to foreclose on his property are void as forgeries."

We review a district court's dismissal under Rule 12(b)(6) de novo, applying the same standards as the district court. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). Claims alleging fraud must also comply with the supplemental pleading requirements of Rule 9(b), which demand that "a party must state with particularity the circumstances constituting fraud or mistake." FED.R.CIV.P. 9(b). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' [of the alleged fraud] to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

In his complaint Kreway alleged, *inter alia*, that the assignment of his mortgage note and deed of trust by MERS to BAC Home Loans Servicing, LP, was void because the signature affixed to it was forged. Contrary to his

2

assertions on appeal, Kreway did not plead sufficient facts to support his allegations of forgery. Kreway merely stated:

> Upon information and belief, and/or information reasonably expected to be discovered during this litigation, the 2011 assignment purportedly signed by [MERS Assistant Secretary] Bud Kamyabi is also void because it was signed or affixed by a person not Bud Kamyabi, and signed or affixed by a person without any authority or knowledge whatsoever from the real Bud Kamyabi.

Kreway also attached an exhibit to his pleading, which was labeled "Bud Kamyambi [sic] Signature Comparisons." However, Kreway did not plead any facts relating to who perpetrated the alleged forgery or how, when, and where the alleged forgery was executed. The allegation therefore falls short of the pleading requirements of Rule 9(b). *See id.* As a result, dismissal of all claims relying on the alleged forgery was proper. *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."). Any other points of error are waived as a result of Kreway's failure to brief them.

The judgment of the district court is AFFIRMED.